# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DALE MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 17 C 0487 |
| ) | |
| GREGORY SCOTT, ) | Judge John J. Tharp, Jr. |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Dale Miller has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Miller was (and remains) civilly committed following a state court judge's determination that he is a "sexually violent person." Miller argues that the trial court's probable cause hearing violated an Illinois Supreme Court Rule, that his trial counsel in his commitment proceeding was ineffective, that his appellate counsel on direct review of his commitment was ineffective, and that the evidence was insufficient for him to be committed. The court does not reach the merits of these claims, however, because they are procedurally defaulted. On that basis, the petition is denied and the court declines to issue a certificate of appealability.

**I. Background**

When a federal habeas petitioner is in custody pursuant to a state court adjudication, the state court's factual findings are presumed to be correct unless the petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Thompkins v. Pfister*, 698 F.3d 976, 983 (7th Cir. 2012). Petitioner Dale Miller has not alleged any factual errors by the state court, so the facts are drawn from the state court proceedings.

Miller was convicted in 1972 of rape and in 1992 of robbery and attempted aggravated criminal sexual assault. *People v. Miller*, 2014 IL App (1st) 122186, ¶ 8 (8 N.E.3d 1281, 1284). In 2007, the state filed a petition to commit Miller under the Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*. ("SVCPA"). *Miller*, 2014 IL App (1st) 122186, ¶ 3. The day after the petition was filed, the state court held a probable cause hearing at which Miller's lawyer indicated that Miller wanted to proceed *pro se*. *Id*. ¶ 4. The trial court judge asked Miller if he understood the "perils of representing yourself" and "strongly urge[d]" that Miller be represented by his lawyer. *See* Pet. Ex. 1 at 1-2. Miller insisted on representing himself and did so during the probable cause hearing. *Miller*, 2014 IL App (1st) 122186, ¶ 4. The trial court found probable cause to find Miller a sexually violent person ("SVP") based on testimony that Miller had paraphilia and other mental illnesses, "would lose control of his behavior when someone said 'no' to him, and that [Miller had] received 135 disciplinary tickets while incarcerated." *Id*.

Miller eventually agreed to have a lawyer represent him at trial (although not before he missed several deadlines, including the deadline to request a jury). *Id*. at ¶ at 6. Miller refused to be transported for numerous hearings and for his entire SVP trial. *Id*. at ¶¶ at 6-7. According to his petition, Miller refused to go to any court appearances because he was not evaluated by his own "expert evaluator." Pet. at 18. At trial, the state called two clinical psychologists who had tried to interview Miller, but with whom Miller had refused to meet. *Miller*, 2014 IL App (1st) 122186, ¶ 8. Each of the psychologists testified based on Miller's medical and prison files that Miller suffered from "paraphilia NOS," a sexual attraction to nonconsenting women. *Id*. Each also testified that Miller was substantially likely to re-offend given his failure to participate in any sex offender treatment programs in prison, his criminal history, his admitted "attitude

problem," and his history of disciplinary problems. *Id*. Miller's lawyer did not present any evidence in his case-in-chief and, after hearing the parties' arguments, the trial court found Miller to be an SVP. *Id*. at ¶ 9.

Miller appealed, arguing (through counsel) that the trial court had improperly rejected his late demand for a jury trial under Illinois law. *Miller*, 2014 IL App (1st) 122186, ¶ 12. The appellate court rejected his argument as a matter of statutory interpretation, and also noting that there is no constitutional jury right in civil commitment proceedings and that Miller's own actions had contributed to the delay. *Id*. at ¶¶ 12-25. Miller also argued that he had been impermissibly denied a dispositional hearing after the trial and before the commitment order was issued.[1] *Id*. at ¶ 27. The court found that denial was not erroneous where neither party had indicated they would present new evidence at such a hearing. *Id*. at ¶¶ 28-29. Finally, Miller argued that the state had failed to meet its burden in showing that he should be committed to a secure facility rather than conditionally released. *Id*. at ¶ 34. The court, however, found that under Illinois law the state does not have a burden of proof when presenting whether an SVP should be committed to a secure facility. *Id*. Miller appealed to the Illinois Supreme Court, raising again the jury demand and post-trial hearing issues. *See* Resp. Ex. D. The Illinois Supreme Court denied the petition for leave to appeal on September 24, 2014. *People v. Miller*, 20 N.E.3d 1260 (Ill. 2014).

Miller then filed, on February 11, 2015, a *pro se* state habeas petition arguing that he had received ineffective assistance of counsel at trial and on appeal, that he had been inadequately

---

[1] The dispositional hearing "is analogous to a sentencing hearing." *Miller,* 2014 IL App (1st) 122186, ¶ 32. It follows a determination that a respondent is a sexually violent person and entails a determination of whether an SVP should be placed in a secure facility for treatment or conditionally released. *Id.* at ¶ 27.

3

admonished regarding the dangers of self-representation, and that the evidence was insufficient to prove he was an SVP. Resp. Ex. F. The state moved to dismiss the petition on the grounds that a habeas corpus petition is only available in Illinois when the trial court lacked jurisdiction or a post-judgment occurrence entitled the petitioner to release.[2] *See* Resp. Ex. G. The trial court dismissed the habeas petition on August 31, 2015, without discussing the merits. *See* Resp. Ex. H. Miller filed a notice of appeal, but failed to file a brief in support of his appeal. *See* Resp. Ex. I. On April 7, 2016, the state appellate court dismissed Miller's appeal on the basis of his failure to comply with Illinois Supreme Court Rules 342 & 343, which govern the contents and timing of appellate briefs. *See* Ill. Sup. Ct. R. 342-343. Resp. Ex. I. Miller petitioned the Illinois Supreme Court for leave to appeal the denial of his ineffective assistance of counsel claim, but the Illinois Supreme Court denied his petition on September 28, 2016. *See* Resp. Ex. J; *Miller v. Scott*, 60 N.E.2d 874 (Ill. Sup. Ct. 2016). Miller then timely filed his federal habeas petition on January 20, 2017, arguing that he was insufficiently warned about the risks of proceeding *pro se* under Illinois Supreme Court Rule 401(a), that his trial and appellate counsel were ineffective, and that the evidence was insufficient to commit him.

---

[2] Under Illinois law, a person in custody may seek habeas corpus relief only on the grounds specifically enumerated in section 10–124 of the Habeas Corpus Act. *See* 735 ILCS 5/10–124 (West 1998). The Illinois Supreme Court has consistently held that a writ under this act is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release. *People v. Gosier*, 205 Ill. 2d 198, 205, 792 N.E.2d 1266, 1270 (2001). Presumably, Miller sought state habeas relief because as an adjudicated SVP he is deemed to be in civil custody and the procedures of the the state's Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, are available only to those serving a sentence following a criminal conviction. *See People v. Carpenter*, 2013 IL App (1st) 113452-U, ¶¶ 12-13 (Ill. App. Ct. 2013); *People v. Phillips (In re Phillips)*, 857 N.E.2d 746, 751-52 (Ill. App. Ct. 2006).

**II. Analysis**

The state raises several arguments as to why Miller's petition should be dismissed, but only one is needed: Miller's claims are procedurally defaulted. Before undergoing federal appellate review, a state prisoner must "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[3] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If he has not raised his claims at each stage of one complete round, his claims are procedurally defaulted. Miller did not raise any of the arguments he advances in this federal habeas petition in his state direct review proceeding, so he cannot rely on having gone through one full round of argumentation on direct review. He did raise his claims in his state habeas petition submitted to the state trial court, but he did not raise any of them on appeal of the denial of the writ to the state appellate court; indeed, he filed no brief at all in that court.[4] Thus, Miller never filed anything in the appeal of his

---

[3] Another reason Miller's claim about the trial court's failure to adequately warn him about proceeding *pro se* fails is that, although framed as a Sixth and Fourteenth Amendment claim, Miller's claim is really that the trial court failed to adequately follow Illinois Supreme Court Rule 401(a) at his probable cause hearing. This argument cannot support a federal habeas claim, because violations of state law are not cognizable on federal habeas. *Steward v. Gilmore*, 80 F.3d 1205, 1214 (7th Cir. 1996); *see also United States ex rel. Simmons v. Scott*, No. 13 C 3370, 2014 WL 3906774, at *4 (N.D. Ill. Aug. 6, 2014) ("Petitioner has not cited any Supreme Court precedent, nor does any exist, that holds that a habeas petitioner is entitled to relief based on alleged error at the probable cause stage of civil commitment."). The Court also notes that the Seventh Circuit has expressed skepticism that SVPs are constitutionally required to be provided with counsel at all when appealing their commitment decisions, so Miller's ineffective assistance of appellate counsel claim rests on similarly shaky ground. *See Brown v. Watters*, 599 F.3d 602, 609 n.7 (7th Cir. 2010); *see also Ambrose v. Roeckeman,* 749 F.3d 615, 618-20 (7th Cir. 2014) (explaining that Watters did not hold that there is no constitutional right to counsel, but only that petitioner had not presented authority establishing such a right).

[4] Although as noted above in note 2, state habeas relief is generally not available to committed SVPs in Illinois because their commitment is civil rather than criminal, Miller could have filed a petition for relief from judgment under 735 ILCS 5/2-1401 within two years of his commitment proceeding. *See In re Morris*, 840 N.E.2d 731, 734 (Ill. App. Ct. 2005). His failure to do so constitutes another aspect of his procedural default.

state habeas petition that "fairly presented both the operative facts and legal principles that control each claim," or even which claims he wanted to appeal. *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). Accordingly, the claims he asserts in this petition have all been procedurally defaulted.[5]

A procedurally defaulted claim can be overcome if the petitioner can demonstrate cause and prejudice. *See Oaks v. Pfister*, 863 F.3d 723, *2 (7th Cir. 2017; not yet paginated in F.3d). Miller, however, has made no argument that he can demonstrate cause or prejudice. Nor has Miller argued that the "fundamental miscarriage of justice" exemption should be applied to excuse his procedural default. Miller was provided an opportunity to file a reply brief (ECF No. 10) but did not do so. Accordingly, he has forfeited these arguments and there is no basis to excuse his procedural default. *Hicks v. Hepp*, 871 F.3d 513, 531 (7th Cir. 2017) ("The petitioner . . . has not advanced any argument that these exceptions should apply here. Therefore, any argument that these exceptions apply has been forfeited . . . .").

\* \* \* \* \*

For the reasons stated above, the petition for a writ of habeas corpus is denied. Further, the Court declines to issue a certificate of appealability. A COA is appropriate only if a petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). When a petition is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, it is

---

[5] Miller's claims have also been procedurally defaulted because the state appellate court dismissed his habeas appeal for failure to comply with Illinois procedural rules regarding the time to file a brief. *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).

undeniable that Miller's claims are procedurally defaulted and that he has failed to offer grounds to excuse his procedural default.

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must (absent a basis for extension) file a notice of appeal in this Court within thirty days of the entry of judgment and seek a certificate of appealability from the United States Court of Appeals for the Seventh Circuit. *See* Fed. R. App. P. 4(a)(1); 28 U.S.C. § 2253(c)(1).

Dated: October 26, 2017

　　　　　　　　　　　　　　　　　　　　　　　John J. Tharp, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge